UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 23-52680-BEM |
| DAVID J. MAFFETT, | : | CHAPTER 7 |
| DEBTOR. | : | |

| | | |
|---|---|---|
| MICHAEL J. BARGAR, Chapter 7 Trustee | : | |
| For the Estate of David J. Maffett, | : | |
|  | : | |
| PLAINTIFF | : | |
| vs. | : | ADV. PRO. NO. 23-05164-BEM |
|  | : | |
| ROCKET MORTGAGE, LLC f/k/a QUICKEN | : | |
| LOANS, LLC, | : | |
|  | : | |
| DEFENDANT | : | |

**<u>DEFENDANT'S BRIEF IN SUPPORT OF ITS
MOTION FOR SANCTIONS PURSUANT TO RULE 9011</u>**

COMES NOW, ROCKET MORTGAGE, LLC f/k/a QUICKEN LOANS, LLC ("Rocket Mortgage") and, pursuant to Rule 9011, moves the court to impose sanctions upon Michael J. Bargar, Chapter 7 Trustee, William D. Matthews, Esquire, and Rountree Leitman Klein & Geer LLC and in support of this Motion shows this Honorable Court as follows:

**<u>INTRODUCTION</u>**

In a case the Trustee has proclaimed to Rocket Mortgage's counsel is a "test case[1]", the Chapter 7 Trustee (the "Trustee") recklessly asks this Court to use an ambiguous provision in the Notary statute (and not the recording statute) to invalidate potentially billions of dollars' worth of

---

[1] The question of what exactly is the "test" is at the heart of this Motion-is the Trustee "testing" Defendant to see if they will simply concede to the Trustee's position and agree to settle the case rather than fight head on? Is the "test" the attempt to take already adjudicated caselaw and attempt to morph it into a dangerous narrative? Is the "test" to see if in fact the Adversary is indeed baseless, frivolous and in violation of Rule 9011, and other ethical considerations?

1

mortgages as to third parties and retroactively place innumerable deeds filed since 1986, at risk of losing their status as constructive notice to third party bona fide purchasers.

The Trustee seeks to have this Court write a brand new "legibility" requirement into the Notary statute and then apply that newly created requirement retroactively, instead of proactively as a legislature might. The Trustee does not suggest who will make the final determination of legibility or what standard will be used to determine if any part of the Notary's signature is "illegible."

The Trustee incongruously argues that under the Notary statute the Notary's signature must somehow appear on a deed in handwritten ink "only and exactly" as the name of the Notary is typed or preprinted on the Notary's commission.

The Trustee argues that the Notary's actual and unquestioned attestation of a deed must be disregarded even though the Notary's "official" signature on the deed is an exact match to the signature as it appears in handwritten ink on the Notary's commission.

The Trustee further argues the Court should consider any illegible Notary signature as "missing" or simply not there. The Trustee's assertion that the invalidation of a recorded deed as constructive notice will be an extremely rare occurrence is based on the fallacy that the Notary signature on the Waiver of Borrower's Rights or Closing Attorney Affidavit will not have the exact same issue as the Deed to Secure Debt. This argument shows the recklessness of the Trustee and his Counsel as this exact argument was asserted against a former Trustee in *Gordon II* and was wholly rejected by the Court.

The uncertainty introduced into the system by the retroactive application of this novel and utterly subjective standard, and the monetary risk of a complete loss of priority for lenders, will jeopardize Georgia's half-trillion-dollar real estate and finance industries. It is no statement of hyperbole at all that if the Trustee's new, standardless regime is imposed and applied

2

retroactively, this Court's decision in this one matter could cause the entire Georgia real estate market to suffer such catastrophic and unsustainable losses that some mortgage lenders might very well make the completely rational decision not to lend in Georgia, thus reducing and restricting the choices that consumers have in choosing among mortgage lenders.

Most disturbingly, the caselaw has already invalidated the theories and arguments of the Trustee. See *infra*. Even with this precedent presented to the Trustee and his Counsel, they continue on with their pursuit of this action.

The Trustee failed to do any due diligence prior to filing this action as to whether the Notary in this case did in fact sign "only and exactly" his signature. If the Trustee and his Counsel had done such research, they would have found that indeed the Notary's signature on the security instrument matches his Notary card, making the signatures identical, and therefore compliant with the law. This failure alone warrants sanctions.

The Trustee has been given numerous opportunities to withdraw this action prior to the filing of this Motion, even prior to the 21 day "safe harbor" provided by the Rule. The Trustee ignores long standing law, his obligations under the Department of Justice Handbook for Chapter 7 Trustees, his ethical obligations under the Georgia Rules of Professional Conduct and the American Bar Association Code of Ethics. The Trustee and his counsel in their pursuit of this baseless theory, "do harm" to the general public and citizens of the state of Georgia, harm to Mr. Maffett, and are acting purely to gain personally notoriety (or perhaps infamy).

This shameful exercise has caused Rocket Mortgage to incur attorney's fees, but more importantly than the imposition of monetary sanctions, this Motion should be granted to curb the brazen nature of the Trustee and to eradicate the relentless "gotcha" practice of law which has grown synonymous with the Office of the Chapter 7 Trustee in Georgia.

## FACTUAL BACKGROUND

On November 15, 2019, David J. Maffett ("Mr. Maffett") purchased the property located at 1630 Rivershyre Parkway, Lawrenceville, Gwinnett County, Georgia, via Executor's Deed, which was recorded on December 5, 2019, at Deed Book 57084, Page 2, Gwinnett County Real Property Records. To fund the purchase of the Property, Mr. Maffett obtained a loan from LendUS, LLC ("LendUS Loan") and executed a Security Deed to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for LendUS, LLC, which was recorded in Deed Book 57084, Page 3, Gwinnett County Real Property Records ("LendUS Security Deed").

On February 2, 2022, Mr. Maffett obtained a refinance loan from Rocket Mortgage, LLC f/k/a Quicken Loans, LLC, ("Rocket Loan") in the amount of $431,000.00. A closing for the Rocket Loan was held on February 2, 2022 ("the Closing"). At the Closing, Terry O. Yeom ("Mr. Yeom"), served as the closing attorney. (See the Affidavit of Terry O. Yeom, previously provided to the Trustee and his Counsel ["Yeom Affidavit"]). At the closing, Mr. Maffett executed a Security Deed to MERS, as nominee for Rocket Mortgage, LLC fka Quicken Loans, LLC ("Rocket Security Deed"), which was recorded on February 7, 2022, in Deed Book 59668, Page 17, Gwinnett County Real Property Records. (Yeom Affidavit, ¶3). Also on February 2, 2022, Mr. Yeom witnessed David J. Maffett execute the Rocket Security Deed. (Yeom Affidavit, ¶3).

Mr. Yeom is a Notary public duly commissioned by the State of Georgia, Gwinnett County. (Yeom Affidavit, ¶5). In his capacity as a Notary public, Mr. Yeom served as the official witness for the execution of the Rocket Security Deed. (Yeom Affidavit). In his capacity as the Notary public and official witness, Mr. Yeom verified the signer's identity, witnessed the signing of the Rocket Security Deed, affixed his signature to the Rocket Security Deed as official witness, and affixed his Notary stamp in his official capacity as a Notary public. (Yeom

4

Affidavit, ¶6).

The signature Mr. Yeom affixed to the Rocket Security Deed is his official "autograph" or signature that he uses on all legal documents. (Yeom Affidavit, ¶7). Mr. Yeom executed Certificates of Appointment of Notary Public on December 4, 2018, and November 7, 2022 ("Commissions") which are attached to the Yeom Affidavit as Exhibit "B".    (Yeom Affidavit, ¶8). The signature Mr. Yeom affixed to the Rocket Security Deed matches the signatures on the Commissions and is "only and exactly the name indicated on the Notary's commission". (Yeom Affidavit, ¶9). The signature Mr. Yeom affixed to the Rocket Security Deed in handwritten ink matches exactly the only appearance of his name in handwritten ink on the Commissions. (Yeom Affidavit, ¶10).

Demonstratively, Mr. Yeom's signature on the Rocket Security Deed:    Mr. Yeom's signature on his 2018 Notary commission

[signature image: Notary Public, State of Georgia — Gwinnett County | (Notary's Signature)]

Mr. Yeom's signature on his 2022 Notary commission:

[signature image: (Notary's Signature)]

It is one hundred percent undisputed that the signature Mr. Yeom affixed to the Rocket Security Deed is the same "autograph" or signature used on the Commissions. (Yeom Affidavit, ¶11). Mr. Yeom's Notary seal that he affixed to the Rocket Security Deed clearly identified him as

5

a Notary public, his name as "Terry O Yeom" and indicates Gwinnett County as his county of commission with his expiration date. (Yeom Affidavit, ¶12).

Mr. Yeom affixed his official signature on the second of two lines immediately below "signed, sealed and delivered in the presence of" to provide a written record that the deed to secure debt was 'signed, sealed and delivered' by Mr. Maffett in Mr. Yeom's presence and under his observation. (Yeom Affidavit, ¶13). The affixing of Mr. Yeom's signature and seal on the Rocket Security Deed as the official witness/Notary is written proof that the deed was properly executed by Mr. Maffett, in Mr. Yeom's present and it was properly attested. (Yeom Affidavit, ¶14).

On March 21, 2023, Mr. Maffett filed for Chapter 7 bankruptcy relief in the United States Bankruptcy Court, Northern District of Georgia, which was assigned case number 23-52680-BEM (the "Petition"). A review of the Petition shows the debt is all unsecured credit card debt.
On July 31, 2023, the Rocket Security Deed was assigned from MERS to Rocket Mortgage, LLC, fka Quicken Loans, LLC, as reflected in the Assignment of Security Deed recorded on August 7. 2023, in Deed Book 60739, Page 550, Gwinnett County Real Property Records.

On September 6, 2023, Rocket Mortgage filed a Motion for Relief from Stay as they were seeking to foreclose the Property for nonpayment of the mortgage. Just days after seeing an opportunity to bring this frivolous action, without any regard how these actions would impact Mr. Maffett, and without authority, on October 18, 2023, the Trustee filed the adversary action Case number 23-05164 stating that the Security Deed was not attested by an official witness as required by O.C.G.A. § 44-14-61.

6

# ARGUMENTS AND CITATION OF AUTHORITY

## I. Rule 9011 Sanctions are Warranted.

### A. Standard

Rule 9011(b) of the Federal Rules of Bankruptcy Procedure states:

> "(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) *it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;*
>
> (2) *the claims*, defenses, *and other legal contentions are warranted by existing law or by a nonfrivolous* argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) *the factual contentions have evidentiary support* or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."
>
> (emphasis added)

The primary purpose in imposing sanctions under the bankruptcy counterpart to Rule 11 is to deter future violations of the rule-compensating opposing party is secondary purpose. *Matter of Reynolds*, Bkrtcy.S.D.Iowa, 17 B.R. 452. (1990).

Here, in particular, the Adversary violates Rules 11 (b) (1), (2) and (3). Nothing the Trustee can assert will permit him to meet his burden of proof under the law.

In regard to Rule 9011 (b) (1), there is no question that the Adversary was presented for an improper purpose. The Trustee, at the very beginning of this case, admitted to counsel for Rocket Mortgage that this case is a "test case" for him. The Trustee and his Counsel seek to create a litany of cases named after him. This Adversary is brought for the most selfish and

7

improper of reasons-self gain. Moreover, the Trustee, his Counsel and his law firm were presented with the Notary signature card for Notary Yeom at the inception of the case; yet they persisted. The Trustee, his attorney and his law firm had multiple telephone conversations and emails regarding the merits of the Adversary; yet they persisted. There is no question the Trustee, his Counsel and his law firm have unnecessarily expanded the litigation.

In regard to Rule 9011 (b) (2), the law is clear on the points in the Adversary and falls in favor of the Defendant. The Georgia Supreme Court has held "a deed which, on its face, complies with all statutory requirements is entitled to be recorded, and once accepted and filed with the clerk of court for record, provides constructive notice to the world." *Leeds Building Prod. vs. Sears Mortgage Corporation*, 267 Ga. 300 (1996). In *Leeds*, there was a defect alleged in the process outside of the execution on the face of the deed. The Court of Appeals ruled that because the witness never observed the representative for the Grantor execute the deeds to secure debt and instead placed her signature on the deeds after they were executed, the deeds were not properly attested or acknowledged. The Georgia Supreme Court reversed and concluded that a defectively acknowledged recorded deed, which shows no such defect on its face, provides constructive notice to all the world of its existence. As a result, after *Leeds,* the question becomes whether the deed "on its face" meets the statutory requirements in order to be entitled to recordation.

In *Kelley v. Goforth* (*In re Brownlee*), 606 B. R. 508, 510 (Bankr. M.D. Ga. 2019) the Trustee argued that a deed was patently defective because the deed obviously showed Goforth as both the Grantee and the "unofficial" attesting witness. The Court responded that it was not even a close question. "…[H]owever, such attestation ***can hardly be said to be 'obviously defective on its face***.'" (emphasis supplied). The Court decided that the defect was a latent one and it was not even close. *Id*., 606 B. R. at 510.

8

In *Lubin v. TIAA, FSB (In re Coles)* Case Number 17-72218-PMB Adversary Proceeding No. 19-5208-PMB (Bankr. N.D. Ga. May 21, 2020), the Trustee's Complaint relied on a single theory-that an incorrect address and an incorrect parcel id number on the Security Deed rendered the Security Deed ineligible for recording under Georgia law, and the Trustee standing in the shoes of a hypothetical bona fide purchaser of the Property did not have constructive or inquiry notices of the Security Deed due to the two errors. The Court dismissed the case. "As a general matter, security deeds are properly recorded if they adhere to the ***recordation requirements*** in existence at the time of the recordation." *In re Coles* quoting *In re Simpson*, 544 B. R. 913, 198 (Bankr. N.D. Ga. 2016)(emphasis supplied). "Errors in a security deed cannot destroy a purchaser's constructive notice insofar as the deed succeeds in the meager task of providing the purchaser with records which, upon further investigation, would unerringly lead to extrinsic evidence which in turn would reveal the encumbrance at issue." *Id*. at 12 citing *In re Turner*, No. 1:15-CV-0359-AT, 2015 WL 10550965, at 5 (N.D. Ga. Dec. 4, 2015).

In regard to Rule 9011 (b) (3), simple due diligence of whether the Notary signed "only and exactly" his name, prior to filing the Adversary, would have revealed the inaccuracies of the Adversary. There is absolutely no question whatsoever in this case that the Notary public witnessed the execution of the deed to secure debt and thus attested the deed's execution. Affidavit of Terry O. Yeom, ¶ 3. There is no question that the Notary public was present at the execution of the deed to secure debt by the Borrower. For the same reason, there is no question that it was <u>this</u> Notary public who witnessed the execution of the deed to secure debt by the borrower.

## B. Caselaw dictates the Motion be Granted.

Under the bankruptcy rule on sanctions, there are two primary questions for the court, first of which is the discretionary issue of whether there is a violation of the rules; if the court

9

finds that a violation exists, sanctions are mandatory, the second issue is a discretionary question of whether sanction is appropriate. *In re Brown*, Bankrutcy E.D. Ark, 152 B. T. (1992)

Bankruptcy Rule 9011 sanctions are warranted where it is clear that (1) reasonable inquiry into basis for pleading has not been made; (2) under existing precedents there is no chance of success; and (3) no reasonable argument has been advanced to extend, modify or reverse the law as it stands. *In re Frankel*, Bkrtcy.S.D.N.Y. 191 B.R. 564 (1995).

The Bankruptcy Court could consider various factors in deciding what sanctions were appropriate for the Trustee and his Counsel's actions such as: the good or bad faith of the Trustee and his Counsel; the degree of willfulness, vindictiveness, negligence or frivolousness involved in offense; the knowledge, experience and expertise of the Trustee and his Counsel; any prior history of sanctionable conduct; the impact of any sanction, including the Trustee's and his Counsel's ability to pay; the burdens on court system attributable to the misconduct; and the timing of, and any circumstances surrounding, any voluntary withdrawal of the offending pleadings. See, *In re Olympia Holding Corp.*, Bkrtcy.M.D.Fla. 189 B.R. 846 (1995).

Further, a showing of subjective bad faith is not required for award of attorney's fees on the ground a party acted in bad faith or for oppressive reasons, rather, the only showing required is that a competent attorney would not have formed reasonable belief that the pleading was well grounded in fact. *In re Cohoes Indus. Terminal, Inc.,* Bkrtcy.S.D.N.Y. 62 B.R. 369 (1996). Counsel for Defendant shared with the Trustee and his Counsel the uproar this Adversary is already causing within the real estate industry in Georgia. Industry groups such as the American Land Title Associations, The Georgia Mortgage Bankers Association, The Georgia Residential Real Estate Closing Attorneys Association, to name a few, are prepared to file Amicus Briefs in opposition to the Trustee and his Counsel's theory as competent attorneys within the real estate industry have zero support (or tolerance) for the novel theories of the Trustee, his Counsel and his

10

law firm.

Finally, if no reasonable argument can be advanced for an extension or modification of existing law, then argument for such an extension or modification is frivolous and may warrant imposition of Rule 9011 sanctions. *In re Hoover,* D.Mass.550 B.R. 651 (2015). There is nothing reasonable about the arguments of the Trustee and his Counsel. They are being advanced to "test" the creation of another line of revenue for the Trustee and his Counsel-no good will come of this Adversary. Rule 9011 Sanctions are warranted.

### C. The Adversary was filed with a willful disregard for the facts.

The Adversary was filed with a willful disregard for the facts. A simple review of the Gwinnett County Notary records by the Trustee prior to filing the Adversary would have reflected that indeed the Notary did sign "only and exactly" his signature. Additionally, at the time of the filing of the Adversary, the Trustee (and his counsel) knew, and willfully mislead the Court as to the following uncontested facts.

First, pursuant to Georgia law, before a deed for realty or any mortgage may be recorded, it "shall be attested or acknowledged as provided by law." *O.C.G.A. § 44-2-14 (a).* Webster's Dictionary defines "attest" as "to bear witness to; to certify; to affirm to be true or genuine; as, to attest the truth of a writing, a copy of record." *Webster's Dictionary*. *Pindar's Georgia Real Estate Law and Procedure*, the leading published authority on Georgia real estate law and procedure, states that "attestation is the act of witnessing the actual execution of a paper." (*Pindar's Georgia Real Estate Law and Procedure* (7th Edition) (hereinafter "*Pindar*") § 19:58

Next, the Georgia Notary Law section of the Georgia Superior Court Clerks' Cooperative Authority states: "'Attesting' and 'Attestation' are synonymous and mean the notarial act of witnessing or attesting a signature or execution of a deed or other written instrument, where such

11

notarial act does not involve the taking of an acknowledgement, the administering of an oath or affirmation, the taking of a verification, or the certification of a copy." https://gsccca.org/Notary-and-apostilles/notaries/georgia-Notary-law

Next, pursuant to Georgia law, in order to record a mortgage, "it shall be signed by the maker, attested by an officer as provided in Code Section 44-2-15, and attested by one other witness." *O.C.G.A. § 44-14-33* ("Recording Statute")*; 44-14-61*.

Next, pursuant to the Recording Statute, "[i]n the absence of fraud, if a mortgage is duly signed, witnessed, filed, recorded, and indexed on the appropriate county land records, such recordation shall be deemed constructive notice to subsequent bona fide purchasers." *O.C.G.A. § 44-14-33*.

Next, pursuant to Georgia law, a deed for realty may be attested by a Notary public. *O.C.G.A. § 44-2-15*.

Next, pursuant to Georgia law, "in documenting a notarial act, a Notary public shall sign on the notarial certification, by hand in ink, only and exactly the name indicated on the Notary's commission…" *O.C.G.A. § 45-17-8.1*.

Next, the Georgia Notary Law section of the Georgia Superior Court Clerks' Cooperative Authority states: "Notarial certificate" means the Notary's documentation of a notarial act." https://gsccca.org/Notary-and-apostilles/notaries/georgia-Notary-law. Pursuant to Webster's dictionary, a definition of "sign" is "to affix a signature to; ratify or attest by hand or seal; to write down one's name; to affix one's name to. *Webster's Dictionary*. Pursuant to Georgia law, the evidence of authenticity of an official signature is found in the "certificate of authority from the appointing clerk of superior court or the Georgia Superior Court Clerks' Cooperative Authority". *O.C.G.A. § 45-17-19*

Next, the Notary Public section of the website for Gwinnett County Superior Court

12

provides a "Notary-New Application Instructions." Gwinnett County's Notary-New Application Instructions" states "original signatures are required" and has no other requirements including requiring the legibility of the signature.

Next, and perhaps most disturbing, nowhere in the notarial statutes (*Title 45, Article 17 of O.C.G.A.*) are the words **legible or legibility used**. *O.C.G.A. § 45–17–1 to § 45–17–34. (this is particular stubbornly litigious and frivolous as the signature of the Trustee himself is wholly illegible.)*

Next, nowhere in the recording statute (*O.C.G.A. § 44-14-33)* are the words **legible or legibility** used. *O.C.G.A. § 44-14-33*

Next, and very disturbingly, the Trustee filed the Adversary stating that the Security Deed was not attested by an official witness as required by O.C.G.A.§44-14-61 stating that the signature of the Notary public is an illegible scrawl that does not match the name on his Notary commission. (Doc. 1 – Complaint, 20-21).  This is false and the Trustee and his counsel knew or should have known this at the time of filing the Adversary. Sanctions are warranted.

D.   The 11th Circuit Authority is Compelling

In the leading case of *In re Mroz*, infra, the Court explained that subjective bad faith can be found in a number of circumstances. A court may find subjective bad faith when a person files a complaint in spite of the fact that such person "was actually aware of, or had at least remained deliberately indifferent to, the factual and legal baselessness of the complaint." *Fellheimer, Eichen & Braverman, P.C. v. Charter Technologies, Inc.,* 57 F.3d 1215, 1226 (3rd Cir.1995). "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Barnes v. Ballon,* 158 F.3d 1212, 1214 (11th Cir.1998) (internal quotation marks omitted).

More importantly, a party's continuation of litigation after it discovers that the allegations

13

in the complaint are false is subjective bad faith conduct. *See In re Mroz,* 65 F.3d at 1574 (2019). If a plaintiff files a complaint "without a reasonable inquiry into the underlying facts," and the defendant denies the allegations in the complaint, the plaintiff acts in subjective bad faith by continuing the litigation "without any attempts to verify the facts alleged." *See id.* at 1576. "Further, continually advancing groundless and patently frivolous litigation is tantamount to bad faith." *In re Evergreen Sec., Ltd.,* 570 F.3d 1257, 1274 (11th Cir.2009) (internal quotation marks omitted). "If particularly egregious, the pursuit of a claim without reasonable inquiry into the underlying facts can be the basis for a finding of bad faith." *Barnes,* 158 F.3d 1214. Here, the Answer of the Defendant attached and incorporated the matching handwriting samples of Notary Yeow, demonstrating that in fact he did sign "only and exactly" his name. Even with this, the Adversary continued. The Defendant provided ample opportunities for the Trustee and his Counsel to consider the facts, arguments and impact of the flawed Adversary but throwing sensibility and the law to the wind, the Trustee and his Counsel have irresponsibly and baselessly pressed on.

"Rule [90]11 deters attorneys and litigants from clogging federal courts with frivolous filings. It also rewards litigants **who admit their mistakes** within a 21-day safe harbor period—and penalizes those who refuse." *Huggins v. Lueder, Larkin & Hunter, LLC*, 39 F.4th 1342, 1344 (11th Cir. 2022) (emphasis added). The Trustee and his counsel have recklessly blown through their safe harbor, pressing this frivolous suit forward. Sanctions are warranted.

E.  **The Trustee and his Counsel are violating their Ethical Duties**

The Trustee and his Counsel must recognize the devastating effect the Adversary could create upon the public. Most certainly, the Trustee and his Counsel as licensed attorneys should not be intentionally harming the public, especially not for personal gain.

The Department of Justice Handbook for Chapter 7 Trustees, section 4 (A) states:

14

> "A chapter 7 case must be administered to maximize and expedite dividends to creditors. **A trustee shall not administer an estate** or an asset in an estate **where the proceeds of liquidation will primarily benefit the trustee** or the professionals, or unduly delay the resolution of the case." (emphasis added).

Moreover, the Georgia Rules for Professional Conduct 3.1 (which mirrors the American Bar Association Code of Conduct 3.1) states:

> **RULE 3.1 MERITORIOUS CLAIMS AND CONTENTIONS**
>
> In the representation of a client, **a lawyer shall not**:
>
> a. **file a suit, assert a position**, conduct a defense, delay a trial, or take other action on behalf of the client **when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another;**
>
> b. **knowingly advance a claim or defense that is unwarranted under existing law**, except that the lawyer may advance such claim or defense if it can be supported by good faith argument for an extension, modification or reversal of existing law.
>
> (emphasis added).

The Trustee and his Counsel cannot in good faith state they attempt to extend, modify or reverse existing law, as the Trustee admitted this was a "test case". The "test" one can only presume, is how the Trustee can force the hand of various lenders to simply pay the Trustee and his Counsel to "go way". Defendant refused to do this, as to do so is to reward the poor choices of the Trustee when the facts are so clearly undisputed that the Notary signed "exactly and only" his name to the Rocket Security Deed. Sanctions are warranted by this Court to deter the bad choices the Trustee and his Counsel have made, and to prevent further baseless litigation in the future.

## CONCLUSION

There is no evidence the Trustee can present which will permit him to prevail under his claims. Notary Yeow signed "only and exactly" his name pursuant to statute. We do not need to have in our Georgia law more "gotcha" positions from Bankruptcy Trustees. The Adversary is

15

against the spirit and intent of the law, is brought to bolster the Trustee's status, is baseless, frivolous and a waste of judicial resources. It is legally unfounded and creates ethical violations due to its negative impact on the public.

WHEREFORE, Rocket Mortgage requests that this honorable Court order the Trustee, his attorney and his law firm to pay Rocket Mortgage the sum of all of its reasonable expenses and attorney's fees incurred by Rocket because of the wrongful actions of the Trustee, his attorney and his law firm, and sanction the Trustee, his attorney and his law firm such that they are no longer permitted to file Adversaries which intentionally negatively impact the citizens of the State of Georgia and those before this Court without first obtaining permission from this Court of the validity of their claims.

Respectfully submitted this 16th day of December 2024.

          THE GILROY FIRM

          By:/s/ Monica K. Gilroy      .
          Monica K. Gilroy
          Ga. Bar 427520

The Gilroy Firm
1145 Hightower Trail
Atlanta, Georgia 30350
(678) 280-1922 (Telephone)
Monica.Gilroy@gilroyfirm.com

**CERTIFICATE OF SERVICE**

This is to certify that I, Monica Gilroy, am over the age of 18 and that I have this day served a true and correct copy of the foregoing MOTION/BRIEF FOR RULE 9011 Sanctions pursuant to Rule 70004 on the following persons or entities at the addresses stated:

Michael J. Bargar, Chapter 7 Trustee
Rountree Leitman Klein & Geer LLC
Century Plaza 2987 Clairmont Road, Suite 350
Atlanta, GA 30329
mbargar@rlkglaw.com

William D. Matthews
Rountree Leitman Klein & Geer LLC
Century Plaza 2987 Clairmont Road, Suite 350
Atlanta, GA 30329
wmatthews@rlkglaw.com

David J. Maffett
1630 Rivershyre Parkway
Lawrenceville, GA 30043

This 16th day of December 2024.

       THE GILROY FIRM

       By: /s/ Monica K. Gilroy         .
       Monica K. Gilroy
       Ga. Bar 427520

The Gilroy Firm
1145 Hightower Trail
Atlanta, Georgia 30350
(678) 280-1922 (Telephone)
Monica.Gilroy@gilroyfirm.com