**IT IS ORDERED as set forth below:**

**Date: May 15, 2025**



_____
**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: <br><br> DAVID J MAFFETT, <br><br>     Debtor. | CASE NO. 23-52680-BEM <br><br> CHAPTER 7 |
| MICHAEL J. BARGAR, Chapter 7 Trustee for the Estate of David J. Maffett, <br><br>     Plaintiff, <br><br> v. <br><br> ROCKET MORTGAGE, LLC F/K/A QUICKEN LOANS, LLC, <br><br>     Defendant. | ADVERSARY PROCEEDING NO. 23-5164-BEM |

**O R D E R**

This matter is before the Court on *Trustee's Motion for Reconsideration of Order Granting Defendant's Motion for Summary Judgment* (the "Motion for Reconsideration"). [Doc. 39]. In the Court's *Order on Cross Motions for Summary Judgment* (the "Summary Judgment

Order"), the Court denied Plaintiff's Motion for Partial Summary Judgment as to Count I of the Complaint and granted Defendant's Motion for Summary Judgment. [Doc. 35].

At issue in this proceeding is whether a deed is patently defective, and therefore avoidable under 11 U.S.C. § 544(b), due to an attestation in which each letter of the notary's name is not fully discernible in his or her signature. This Court ruled that such an attestation does not render the deed patently defective because the notary is only required to sign the name on his or her commission, without regard to how the notary represents or depicts that name. Plaintiff contends that the Court erred in its interpretation of the Exact Name[1] requirement in O.C.G.A. § 45-17-8.1(a) and seeks relief under Federal Rules of Bankruptcy Procedure 9023 and 9024.

Bankruptcy Rule 9023 makes Federal Rule of Civil Procedure 59 applicable in bankruptcy with limited exceptions. Rule 59(e), authorizes the Court to alter or amend a judgment "if there is newly-discovered evidence or manifest errors of law or fact." *MetLife Life and Annuity Co. of Conn. v. Akpele*, 886 F.3d 998, 1008 (11th Cir. 2018). Rule 59(e) may not apply "to raise arguments available but not advanced" prior to the ruling or to request that a Court reexamine an unfavorable ruling. *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1120 (11th Cir. 1999); *Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).

Bankruptcy Rule 9024 makes Rule 60 applicable in bankruptcy. Rule 60(b)(1) provides for relief from a final judgment due to "(1) mistake, inadvertence, surprise, or excusable neglect" which includes mistakes of law by judges. *Kemp v. United States*, 596 U.S. 528, 534, 142 S. Ct. 1856, 1862 (2022) ("Rule 60(b)(1) covers all mistakes of law made by a judge."). "[B]ut typically the district court is not required to grant relief unless the legal error is obvious." *Chambers v. Fla. Parole Comm'n*, 257 F. App'x 258, 259 (11th Cir. 2007) (citation omitted).

---

[1] All capitalized terms in this Order shall have the definitions given in the Summary Judgment Order. [Doc. 35].

Plaintiff contends that the Court's holding is based on a clear error of law. More specifically, Plaintiff argues the Order: (1) renders some words of the statute meaningless or superfluous; (2) mistakes adverbs for adjectives; (3) adopts an interpretation of the statute that is less consistent with other statutes than Plaintiff's interpretation; (4) misconstrues Plaintiff's argument; (5) is inconsistent with Georgia Supreme Court precedent; and (6) engages in speculation regarding legislative intent.

The statutory language at issue is the following: "[I]n documenting a notarial act, a notary public shall sign on the notarial certification, by hand in ink, only and exactly the name indicated on the notary's commission and shall record on the notarial certification the exact date of the notarial act." O.C.G.A. § 45-17-8.1(a). Under Georgia law, a deed with "no facial defects as to attestation is entitled to be recorded, and once filed, provides constructive notice to subsequent bona fide purchasers." *Leeds Bldg. Prods., Inc. v. Sears Mortg. Corp.*, 267 Ga. 300, 300, 477 S.E.2d 565, 566-67 (1996). If a deed has any patent defects in its attestation, it can be avoided by a bankruptcy trustee even if recorded. *See U.S. Bank Nat. Ass'n v. Gordon*, 289 Ga. 12, 15, 709 S.E.2d 258, 261 (2011); *Wells Fargo Bank, N.A. v. Gordon*, 292 Ga. 474, 475, 749 S.E.2d 368, 370 (2013).

Beginning with the language of the statute, Plaintiff contends the Court mischaracterized the words "only and exactly" as adjectives, and as a result made those words superfluous. The Court agrees that it should "avoid[] interpreting statutes in a manner that renders any portion of them surplusage or meaningless." *Hill v. Owens*, 292 Ga. 380, 383, 738 S.E.2d 56, 60 (2013). The Court also assumes for purposes of this Order that it erred in identifying the words "only" and "exactly" as adjectives. However, whether those words modify the verb "sign" or the noun "name" they do not impose a legibility requirement. Therefore, the usage does not affect the

3

Court's interpretation of the statute, nor in the Court's view does its interpretation lead to surplusage.

When used as an adverb, "only" means "as a single fact or instance and nothing more or different: MERELY" or "SOLELY, EXCLUSIVELY". Mirriam-Webster, https://www.merriam-webster.com/dictionary/only (last visited Apil. 21, 2025). "Exactly" means "in a manner or measure or to a degree or number that strictly conforms to a fact or condition" or "in every respect: ALTOGETHER, ENTIRELY". *Id.*, https://www.merriam-webster.com/dictionary/exactly (last visited April 21, 2025). Thus, Plaintiff argues, the statute effectively reads that a notary public shall sign "nothing more or different" and "in a manner … that strictly conforms to" the name on the notary's commission and further, the notary signature here fails to meet that standard. The Court is not convinced. This reading of the statute does not compel a different interpretation than the Court's ruling that "the notary must sign the name on his commission and not some other name, rather than a directive as to the quality of the signature or the discernibility of each letter in the signature." [Doc. 35 at 8].

Plaintiff also argues that the Court's interpretation of the statute renders the word "shall" as surplusage. Again, the Court disagrees. The notary "shall" sign the name on his or her commission, and not some other name. For example, a notary whose name has changed due to marriage cannot notarize papers by signing the married name until that name is reflected on the commission. *See* O.C.G.A. § 45-17-13(b). Plaintiff argues that this construction would allow a notary to use a "mark"[2] or a "tangible symbol"[3] because there is no objective way to determine if the symbol or mark or scrawl includes the notary's name. Plaintiff poses a hypothetical in which

---

[2] *See* O.C.G.A. § 53-4-20(a) ("A testator may sign [a will] by mark or by any name that is intended to authenticate the instrument as the testator's will."); *id.* § 53-4-20(b) ("A witness to a will may attest by mark.").
[3] *See* O.C.G.A. § 11-1-201(b)(37) ("'Sign' [for purposes of the Uniform Commercial Code] means, with present intent to authenticate or adopt a record: (A) Execute or adopt a tangible symbol ….").

4

a notary legibly signs a name other than the name on his commission and seal, and argues that such an obviously incorrect signature would be a violation of the applicable statutes. Plaintiff further contends that he never argued that every letter of the notary's name must be present and discernible in the signature. Rather he argued that in this case, only one letter in the signature is discernible—a capital T—but even that may be unrecognizable. None of these arguments change the Court's analysis. When the legislature intends to exclude a "scrawl" from use in a part of the notarial act, it knows how to do so. O.C.G.A. § 45-7-6(a)(1) ("A scrawl shall not be a sufficient notary seal."); *see also id.* § 1-3-3(17) ("With the exception of official seals, a scrawl or any other mark intended as a seal shall be held as such."). Furthermore, the objective way to determine if the signature is "correct" is by reference to the notary's commission. In Plaintiff's hypothetical if a notary signs an obviously different name than the name on the notary's seal, a trustee might make a persuasive argument that the attestation contains a patent defect. When, as in this case, a signature is present and is not obviously inconsistent with the name on the notary's seal, any defect is latent rather than patent.

In the Summary Judgment Order, the Court found its interpretation of the Exact Name requirement to be consistent with O.C.G.A. § 45-17-19(a)(1), which provides that "[t]he authenticity of the official signature … of a notary public may be evidenced by: (1) A certificate of authority from the appointing clerk of superior court or the Georgia Superior Court Clerks' Cooperative Authority[.]" Plaintiff argues that his interpretation of the Exact Name requirement is not inconsistent with O.C.G.A. § 45-17-19(a)(1). He points out that § 45-17-8.1(a) refers to a notary's name while § 45-17-19(a)(1) refers to a notary's signature, demonstrating that the legislature knew how to use the word signature when it wanted to, and that § 45-17-8.1(a) does not require the notary to sign his "signature." This may be true, but the title of § 45-17-8.1 is

5

"Signature and date" which indicates that the requirement to "sign … the name" is a signature requirement. The Georgia Code does not define the word "signature" or "subscription" other than to state that it "includes the mark of an illiterate or infirm person." O.C.G.A. § 1-3-3(19).[4] However, the dictionary defines "signature" as "the act of signing one's name to something" or "the name of a person written with his or her own hand". Mirriam-Webster, https://www.merriam-webster.com/dictionary/signature (last visited on April 21, 2025).[5] Thus, it would be redundant for the legislature to direct notaries to sign their signature rather than to sign their name. *See also* O.C.G.A. § 45-17-13(b)(1), (2) (requiring a notice of name change to contain "the new signature" and setting forth certain prerequisites before the notary may "sign the new name[.]").

Plaintiff argues that the Court's ruling in the Summary Judgment Order is at odds with *Black v. Floyd*, 280 Ga. 525, 630 S.E.2d 382 (2006). That case involves a dispute over ownership of tidal marshlands that required the court to review documents from the year 1761 that the proponents asserted constituted a land grant from the Crown. The court found that the documents were "almost completely illegible" and therefore were "not entitled to evidentiary consideration." *Id.* at 526, 630 S.E.2d at 383. *Black* can be distinguished because the indecipherable writing was the purported land grant itself. Here, Plaintiff does not argue that the language in the Security Deed conveying the security interest is illegible. Therefore, *Black* does not support Plaintiff's assertion of legal error by this Court.

---

[4] Such a person is unlikely to meet the qualifications to be a notary. O.C.G.A. § 45-17-2(a)(5) (notary applicants must "[b]e able to read and write the English language"); *id* § 45-17-15(a)(5) (a notary's commission may be revoked if the notary "[b]ecomes incapable of reading and writing the English language").

[5] The Georgia Code has more detailed definitions for "signature" or "sign" applicable to specific provisions of the Georgia Code. *See, i.e.*, the Georgia Business Corporation Code defining "sign" or "signature" as including "any manual, facsimile, conformed, or electronic signature." O.C.G.A. § 14-2-140(29); *see also id.* § 14-3-140(40); the Uniform Commercial Code, "defining "sign" to mean "with present intent to authenticate or adopt a record: (A) Execute or adopt a tangible symbol; or (B) Attach to or logically associate with the record an electronic symbol, sound, or process. 'Signed', 'signing', and 'signature' have corresponding meanings." *Id.* § 11-1-201(b)(37).

6

Finally, Plaintiff argues that because the language of § 45-17-8.1(a) is clear and unambiguous, the Court erroneously considered its legislative history when discussing the case of *Trauner v. First Tennessee Bank N.A.* (*In re Simpson*), 544 B.R. 913 (Bankr. N.D. Ga. 2016) (Hagenau, J.). In *Simpson*, the notary failed to include the date of his signature in an acknowledgement of a security deed as required by § 45-17-8.1(a). *Id.* at 917. The court found that omission to be a patent defect that invalidated the acknowledgement. *Id.* at 920. *Simpson* involved a notary's acknowledgement, not an attestation. Section 45-17.8.1(b) expressly exempts attestations from the Exact Date requirement.[6] Therefore *Simpson* is not directly on point. Even if *Simpson's* analysis of the Exact Date requirement is persuasive authority for analyzing the Exact Name requirement, *Simpson* did not involve an illegible date; it involved a missing date, which distinguishes it from this case. While the Court discussed the reasoning of *Simpson*, including the differences between attestations and acknowledgements and how those differences can affect the reliability of the notarial act, it did so to explain why it found Plaintiff's arguments unpersuasive. Even if the Court had excluded any discussion of legislative history or legislative intent, its ruling would have been the same.

For the foregoing reasons, the Court finds that Plaintiff has failed to show any error of law in the Summary Judgment Order. Accordingly, it is

ORDERED that the Motion for Reconsideration is DENIED.

**END OF ORDER**

---

[6] "The requirement of subsection (a) of this Code section for recording of the date of the notarial act shall not apply to an attestation of deeds[.]" O.C.G.A. § 45-27-8.1(b).

**Distribution List**

Michael J. Bargar
Rountree Leitman Klein & Geer LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, GA 30329

William Dale Matthews
Rountree Leitman Klein & Geer, LLC
2987 Clairmont Road, Suite 350
Atlanta, GA 30329

Monica K. Gilroy
The Gilroy Firm
1145 Hightower Trail
Atlanta, GA 30350

T. Matthew Mashburn
Aldridge Pite, LLP
Suite 700
3525 Piedmont Road NE
Atlanta, GA 30305